CHARLES L. COUGHLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15777. Promulgated February 20, 1929.

516

*Walter Drew, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

518

OPINION.

TRUSSELL: The question presented by this appeal is the character or nature of the payment of $38,000 received by petitioner in 1922 in connection with his transfer of stock to H. W. Ladish and his resignation as an officer of the Ladish Drop Forge Co. Petitioner on his return for that year included this as a profit on sale of stock. Respondent in determining the deficiency held it to be a salary bonus. Petitioner in his appeal now insists that it represented the payment of a dividend by the corporation on the stock held by him and being then transferred to H. W. Ladish, and consequently subject to surtax only.

Upon the hearing petitioner, through his attorney, insisted that the only question for consideration by the Board is the correctness of respondent's theory that the payment in question represented a bonus—that the pleadings only put in issue the correctness of the two theories and should it be concluded that the payment was not a salary bonus and that respondent's theory consequently was erro-

neous, it must under the pleadings be considered as a dividend distribution. With this we do not agree. The correctness of the deficiency determined is the general issue for our consideration. The Board is not limited, in deciding that issue, by either the theory under which the deficiency was determined or the theory under which it is sought to be redetermined. The question before us is the actual character of the payment in question as revealed by the evidence adduced.

Upon this question the record, we think, is clear. No basis whatsoever, in fact, is shown for the payment of a salary bonus to petitioner by the corporation. There is no indication whatsoever that the salary paid him was anything less than full compensation for his services. The only indication that the payment might be of that character is the fact that after petitioner's resignation as an officer of the corporation this payment was charged to a new account of "Reserve for Bonuses" and attempted to be charged off over an undetermined period to profit and loss. This action in itself indicates that the payment was not one of a bonus, but merely a method attempted to be used to obtain credit for the payment as a deduction for tax purposes. Among all the facts indicating the nature of the payment the only one suggesting a bonus character is this book entry itself. No fact sustains the correctness of this entry and all of the facts and circumstances in respect to the payment itself indicate the contrary. It is not shown that petitioner ever requested or was entitled to a bonus at the time this payment was made or that such a payment was ever considered in the transaction in connection with which he received this sum.

On the other hand, we can not agree with petitioner's contention that the payment made was a dividend distribution on the 750 shares of stock being sold by petitioner to H. W. Ladish. It is clearly shown to be a payment of an amount demanded and agreed upon as a consideration of the transfer of the stock to Ladish by petitioner in a personal transaction between the two. The corporation is not shown to have authorized or paid a dividend. In fact the sale of the stock itself, the transaction in which the payment was made, is shown to have been agreed upon because of the absolute refusal of Ladish, as president and owner of the majority of the voting stock of the corporation, to allow any dividend to be paid.

The mere fact that the price demanded by petitioner from Ladish for a transfer to the latter of his one-fourth of the common stock of the corporation was the sum paid for it plus an amount equal to one-fourth of the surplus accumulated by the corporation during his ownership of such stock, does not result in that price when paid being, to the extent that it exceeds the former purchase price, a dividend on such stock in the hands of petitioner, nor can such theory

521

be sustained because of the added fact that Ladish in making payment for the stock used funds of the corporation. His use of such funds is a matter between him and the corporation and other stockholders. We are not concerned with the tax liability of the corporation or the manner in which the payment should have been or was later treated on its books.

Petitioner had paid $105,000 for the stock and his notes in this amount were outstanding and unpaid, one for $56,000 at the bank, and the other for $49,000 held by Ladish. The latter in consideration of the transfer to him of petitioner's stock paid the $56,000 note and had it returned to petitioner, delivered to him the $49,000 note for cancellation and gave him a check for $38,000, both of the payments being with funds of the corporation. Petitioner when asked at the hearing what the payment of $38,000 represented, frankly admitted " that was the difference between what I paid for the stock and what I got for it."

The payments in question are shown to our satisfaction to have been made solely in consideration of the sale and transfer to Ladish of petitioner's stock, and the payment of $38,000 to represent profit on that sale. This item was properly reported by petitioner in his return filed for that year.

The deficiency should be redetermined in accord with the foregoing findings of fact and opinion.

*Judgment will be entered pursuant to Rule 50.*